1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11    EBER G. RUTH, | Case No.  1:23-cv-00747-BAM (PC) |
| 12                 Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO |
| 13       v. | ACTION |
| 14    WARDEN, *et al.*, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION |
| 15               Defendants. | FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED |
| 16 | |
| 17 | (ECF No. 2) |
| 18 | **FOURTEEN (14) DAY DEADLINE** |

19

20        Plaintiff Eber G. Ruth ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights

21 action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on May 15, 2023, together with

22 a motion to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)

23        Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a

24 prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior

25 occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

26 the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

27 a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

28 ///

1

1   physical injury."[1]  Plaintiff has previously been notified that he is subject to § 1915(g).[2]

2          The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy

3   the imminent danger exception to section 1915(g).[3]  *Andrews v. Cervantes*, 493 F.3d 1047,

4   1053−55 (9th Cir. 2007).  In the complaint, which is disjointed and difficult to decipher, Plaintiff

5   primarily alleges that he is being incarcerated unlawfully, should be released onto parole, and

6   should be monetarily compensated for more than 30 years of incarceration.  (ECF No. 1.)

7          "Imminent danger of serious physical injury must be a real, present threat, not merely

8   speculative or hypothetical."  *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4,

9   2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of

10  ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent

11  serious physical injury."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and

12  utterly conclusory assertions" of imminent danger or insufficient.  *White v. Colorado*, 157 F.3d

13  1226, 1231–32 (10th Cir. 1998).

14         The allegations in the complaint are vague and conclusory, and fail to link any of the

15  named defendants to any particular alleged violation of Plaintiff's rights.  Despite alleging that

16  Defendants' refusal to release him onto parole amounts to a life sentence and thus constitutes a

17  conspiracy to commit murder by refusing to release Plaintiff from prison, (ECF No. 1, pp. 8–9), at

18  no point does Plaintiff allege that he is at risk of suffering any physical injury.

19  ///

20

21  [1]     The Court takes judicial notice of the following United States District Court cases: (1) *Ruth v. Ransdell*, Case No. 2:99-cv-01205-WBS-GGH (E.D. Cal.) (dismissed on October 28, 1999 as *Heck*-barred on the face of the complaint), *see Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016) (dismissal of an action

22  as *Heck*-barred, where the suit seeks purely monetary damages, constitutes a PLRA strike); (2) *Ruth v. Dubsky*, Case No. 1:00-cv-06011-OWW-LJO (E.D. Cal.) (dismissed on May 21, 2011 for failure to state a claim); (3) *Ruth v.

23  Dysart*, Case No. 2:99-cv-02462-FCD-PAN (E.D. Cal.) (dismissed on July 2, 2001 for failure to state a claim); (4) *Ruth v. Terhune*, Case No. 1:00-cv-07065-AWI-LJO (E.D. Cal.) (dismissed on May 8, 2003 for failure to state a claim).

24         The Court also takes judicial notice of the following United States Court of Appeals case: *Ruth v. United States Judicial System*, Case No. 20-15230 (9th Cir.) (dismissed on June 23, 2020 as frivolous).

25

26  [2] *See, e.g.*, *Ruth v. Warden*, Case No. 1:21-cv-00040-DAD-EPG (E.D. Cal. April 12, 2021) (recognizing that plaintiff has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted); *Ruth v. State of Cal.*, Case No. 1:22-cv-01166-JLT-EPG (E.D. Cal. Dec. 20, 2022)

27  (same).

28  [3] The Court expresses no opinion on the merits of Plaintiff's claims.

1       Accordingly, Plaintiff has failed to allege that he was in any imminent danger of serious

2  physical injury at the time the complaint was filed.  Plaintiff has not satisfied the exception from

3  the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $402.00 filing fee if he

4  wishes to litigate this action.

5       Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a

6  District Judge to this action.

7       Further, it is HEREBY RECOMMENDED that:

8    1.  The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28

9        U.S.C. § 1915(g); and

10    2.  Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this

11        action.

12                         * * *

13       These Findings and Recommendations will be submitted to the United States District

14  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

15  **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may

16  file written objections with the court.  The document should be captioned "Objections to

17  Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file

18  objections within the specified time may result in the waiver of the "right to challenge the

19  magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

20  (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

21

22  IT IS SO ORDERED.

23    Dated:   **May 23, 2023**           /s/ *Barbara A. McAuliffe*

24                                       UNITED STATES MAGISTRATE JUDGE

25

26

27

28